## J. C. Masters, Appellee, v. Harry Wagenseller et al., Appellants.

### Gen. No. 5345.

PRACTICE—*when special interrogatories submitted too late.* Special interrogatories not submitted until after the arguments of counsel were closed and the jury instructed, are properly refused.

Assumpsit. Appeal from the Circuit Court of Livingston county; the Hon. G. W. PATTON, Judge, presiding. Heard in this court at the April term, 1910. Affirmed. Opinion filed October 18, 1910.

WHITE & TUESBURG, for appellants.

E. A. AGARD and BERT W. ADSIT, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

Appellants with appellee and another party were partners in the ownership of some stallions and in breeding horses. Appellants bought the interest of appellee in the business and agreed to pay him $300, less whatever he owed the firm for stallion service. They disagreed as to the amount appellee owed for such service, and appellee brought suit in assumpsit to recover the $300. Appellants filed the general issue, a plea of tender of the sum of $175 and a plea of set-off on which issues were joined. Appellee recovered a judgment for $205 or $30 more than the sum tendered.

Appellants contend that the court erred in refusing to submit to the jury certain special findings of fact requested by them. The bill of particulars shows that appellants did not submit the special findings until after the instructions had been given to the jury. Section 79 of the Practice Act requires that a party desiring special findings of fact to be made by a jury must submit such questions of fact to the adverse party before the commencement of the arguments to the jury. Appellants not having submitted such questions

of fact until after the arguments were closed and the jury instructed, the court did not err in refusing them, regardless of whether they were or were not properly framed.

The printed rules of the partnership provided that if the owner of a mare sold her before she foaled then the stallion service was at once due and payable. The testimony offered by appellee showed that there was an agreement that this rule should not apply to the owners of mares who sold to persons residing in the vicinity of the owner. Appellants denied that there was any such change in the printed rule. Another printed rule of the company made it necessary before the partnership was entitled to stallion service that a foal should stand and suck, and it was a disputed question whether a certain foal did stand and suck. It was also a disputed question as to how many mares appellee had bred to the stallions of the partnership. The evidence was very evenly balanced on all the controverted questions of fact. The jury believed the evidence for the appellee. The trial judge saw the witnesses and approved the finding of the jury, and we see no reason why this court should invade the province of the jury. The judgment is affirmed.

*Affirmed.*